McCormick, Barstow, Sheppard,
Wayte & Carruth LLP
Nicholas H. Rasmussen, #285736
  nrasmussen@mccormickbarstow.com
Graham A. Van Leuven, #295599
  graham.vanleuven@mccormickbarstow.com
Daniella M. Crisanti, #341051
  daniella.crisanti@mccormickbarstow.com
7647 North Fresno Street
Fresno, California 93720
Telephone:     (559) 433-1300
Facsimile:     (559) 433-2300

Attorneys for Plaintiff NATIONAL
INTERSTATE INSURANCE COMPANY

Hinshaw & Culbertson LLP
Robert J. Romero, #136539
  rromero@hinshawlaw.com
Peter J. Felsenfeld, #260433
  pfelsenfeld@hinshawlaw.com
Robert Levy, #81024
  rlevy@hinshawlaw.com
50 California Street, Ste. 2900
San Francisco, CA 94111
Telephone:     (415) 362-6000
Facsimile:     (415) 834-9070

Attorneys for Defendant ACCEPTANCE
CASUALTY INSURANCE COMPANY

## UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION

| | |
|---|---|
| NATIONAL INTERSTATE INSURANCE COMPANY, | Case No. **2:22-CV-02127-TLN-KJN** |
| Plaintiff, | **STIPULATED PROTECTIVE ORDER** |
| v. | Trial Date:          - |
| ACCEPTANCE CAUSALITY INSURANCE COMPANY, | |
| Defendant. | |

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, Plaintiff NATIONAL

INTERSTATE INSURANCE COMPANY ("National Interstate") in case no. 2:22-CV-02127-KJN

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
7647 North Fresno Street
Fresno, CA 93720

and Defendant ACCEPTANCE CAUSALITY INSURANCE COMPANY ("ACIC") in case no. 2:22-CV-02127-KJN (National Interstate and ACIC are collectively referred to as the "PARTIES"), through their undersigned counsel, jointly submit this Stipulated Protective Order ("PROTECTIVE ORDER") to govern the handling of information and materials produced in the course of discovery or filed with the Court in advance of trial in this ACTION.

# I.   PURPOSES AND LIMITATIONS

DISCLOSURE and discovery activity in this ACTION are likely to involve production of confidential, privileged, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the PARTIES to this ACTION hereby stipulate to and petition the Court to enter the following PROTECTIVE ORDER.

The PARTIES acknowledge that this PROTECTIVE ORDER does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under established legal principles. The PARTIES further acknowledge, as set forth in Section 12.3, below, that this PROTECTIVE ORDER does not automatically entitle them to file confidential information under seal; rather Eastern District Local Rule 141 sets forth the procedures that must be followed and the standards that will be applied when a PARTY seeks permission from the Court to file material under seal.

Nothing in this PROTECTIVE ORDER shall be deemed an admission by any PARTY that certain categories or types of DOCUMENTS or information contain proprietary or confidential information. Each PARTY retains the right to challenge any and all information designated "CONFIDENTIAL," as defined in Paragraph 3.3 below, through the procedures detailed in this PROTECTIVE ORDER. Nothing in this PROTECTIVE ORDER shall be deemed a waiver of any such rights.

THEREFORE, IT IS HEREBY STIPULATED, AGREED, AND JOINTLY REQUESTED by and between the PARTIES, by and through their respective counsel of record, that this COURT enter this PROTECTIVE ORDER to govern the proceedings in this ACTION for good cause shown

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
7647 North Fresno Street
Fresno, CA 93720

2
STIPULATED PROTECTIVE ORDER

1  and according to the following terms and provisions.

2  ## II.    GOOD CAUSE STATEMENT PURSUANT TO L.R. 141.1(C)

3         This Action is a coverage dispute between insurance carriers relating to their respective

4  obligations with respect to the settlement of certain underlying litigation on behalf of the parties'

5  mutual insureds. A resolution of the Parties' claims and defenses in this action will  require

6  consideration of, among other factors, whether the settlement of the UNDERLYING LITIGATION

7  was "reasonable", and whether the insured and the Parties complied with and fulfilled their

8  respective obligations in connection with the policies of insurance issued by National Interstate and

9  ACIC and their duties of good faith and fair dealing. Furthermore, at least some federal courts

10 applying California law have concluded that the "common interest" doctrine does not apply to the

11 exchange of information with a non-defending insurer notwithstanding any obligation of

12 cooperation imposed in a policy of insurance, such that the disclosure of such otherwise privileged

13 communications between the insureds and/or counsel retained to represent the insureds and a

14 defending insurer, on the one hand, and a non-defending insurer, on the other, may operate as a

15 waiver of those privileges with respect to such communications and documents. *See, e.g.,*

16 *Continental Cas. Co. v. St. Paul Surplus Lines Ins. Co.,* 265 F.R.D. 510, 526-530 (E.D.Cal. 2010).

17 Accordingly, this action is likely to involve such CONFIDENTIAL and privileged materials, for

18 which special protection from public disclosure and from use for any purpose other than prosecution

19 and defense of this ACTION is warranted.

20        Such CONFIDENTIAL and proprietary materials and information may consist of, among

21 other things, documents and testimony which National Interstate believes are subject to the attorney-

22 client privilege and/or work product doctrines, including the correspondence and testimony of

23 attorneys retained by National Interstate to defend the insured and to negotiate a settlement of the

24 underlying action concerning their views and analysis of: (1) the insureds' potential liability for the

25 claims asserted against them in the underlying litigation; (2) the underlying plaintiffs injuries and

26 damages and the insureds' potential exposure thereto; (3) the reasonableness of the settlement

27 ultimately negotiated in the underlying litigation in light of facts such as the insureds' potential

28 liability and exposure to the underlying plaintiffs' claims for damages, (including information

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

3
STIPULATED PROTECTIVE ORDER

implicating privacy rights of third PARTIES); information otherwise generally unavailable to the public; and information that may be otherwise protected from DISCLOSURE under state or federal statutes, court rules, case decisions, or common law.

ACIC anticipates it may be asked to produce CONFIDENTIAL and proprietary materials and information relating to its business practices and the subject excess insurance policy.  ACIC further expects it may be asked to produce CONFIDENTIAL documents and/or communications relating to its evaluation of whether coverage obligations have arisen under the subject ACIC excess policy with respect to the defense and settlement of the underlying action.   ACIC may also be asked to produce CONFIDENTIAL documents and/or communications containing information otherwise generally unavailable to the public; and information that may be otherwise protected from DISCLOSURE under state or federal statutes, court rules, case decisions, or common law.

Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the PARTIES are entitled to keep CONFIDENTIAL, to ensure that the PARTIES are permitted reasonably necessary use of such material in preparation for and in the conduct of proceedings in this ACTION, to address their handling at the end of the litigation, and to serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the PARTIES that information will not be designated as CONFIDENTIAL for tactical reasons and that nothing be so designated without a good-faith belief that it has been maintained in a CONFIDENTIAL, nonpublic manner, and there is good cause why it should not be part of the public record of this case.

**Statement Under L.R. 141.1(c)(1):**  Examples of CONFIDENTIAL information that the PARTIES may seek to protect from unrestricted or unprotected DISCLOSURE include:

a)    Information that is the subject of a non-disclosure or confidentiality agreement or obligation or subject to the mediation or settlement privileges;

b)    Agreements with third-parties, including liability coverage agreements, reservation of rights letters, underwriting information, insurance contracts and financial information (such as premium, rating information, and rating basis (e.g. gross sales), which may be set forth in insurance contracts);

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

4
STIPULATED PROTECTIVE ORDER

c)     Any documents, communications, correspondence, or testimony reflecting the work product, and/or mental impressions of counsel which are or would be subject to the attorney-client privilege and/or the work product doctrine, prepared in connection with the evaluation, defense or settlement of the litigation entitled *Karina Rios and Christy Kelsoe v. Mark Szyrynski, et al.*, Sacramento County Superior Court, Case No. 34-2020-00277511;

d)     Any documents, materials and testimony marked confidential in the in the underlying litigation entitled *Karina Rios and Christy Kelsoe v. Mark Szyrynski, et al.*, Sacramento County Superior Court, Case No. 34-2020-00277511;

f)     The PARTIES' trade secrets, business and financial information.

**Statement Under L.R. 141.1(c)(2):**  Generally speaking, information and DOCUMENTS shall only be designated under this PROTECTIVE ORDER because the DESIGNATING PARTY believes the information or DOCUMENTS are proprietary and/or CONFIDENTIAL that the DESIGNATING PARTY would not release publicly.  Unrestricted or unprotected disclosure of such CONFIDENTIAL or commercial  information would result in prejudice or harm to the PRODUCING PARTY by revealing the PRODUCING PARTY's confidential and privileged communications, , and personal and confidential information of third parties.  Additionally, privacy interests of Third Parties, such as financial information and other confidential business information must be safeguarded.  Accordingly, the PARTIES respectfully submit that there is good cause for the entry of this PROTECTIVE ORDER.

**Statement Under L.R. 141.1(c)(3):**  The PARTIES submit that protecting the CONFIDENTIAL nature of information in this way will be most efficient for the PARTIES and the COURT. The PARTIES have met and conferred on this issue and agree that any private agreement between the PARTIES to safeguard this information will need to be replicated through orders of this COURT at the time of filing dispositive or non-dispositive motions. The burden shall be on the PARTY that designated information "CONFIDENTIAL" to take all steps necessary to protect that information in information filed with the Court.  However, the PARTIES also agree that if a PARTY seeks to file information previously designated as CONFIDENTIAL under seal and the Court does

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

5
STIPULATED PROTECTIVE ORDER

not deem the information to be worthy of such protection, the PARTY may proceed with its filing containing otherwise CONFIDENTIAL DOCUMENTS and information without an Order sealing the record so long as (a) the PARTY has made a good faith effort to obtain an Order sealing the record; and (b) the PARTY takes no further steps to draw public attention to the Court filing of information formerly designated as CONFIDENTIAL.

## III.   **DEFINITIONS**

In this PROTECTIVE ORDER, the words set forth below shall have the following meanings:

3.1.        "ACTION" or "PROCEEDING" means the above-entitled proceeding 2:22-CV-02127-KJN.

3.2.        "CHALLENGING PARTY" shall mean a PARTY or NON-PARTY that challenges the designation of information or items under this PROTECTIVE ORDER.

3.3.        "CONFIDENTIAL" Information or Items means DOCUMENTS, materials, depositions or other TESTIMONY, deposition exhibits, interrogatory responses, responses to requests for admission, and other information produced by the PARTIES or third parties in connection with this case that a PARTY believes in good faith contains or comprises any proprietary, confidential, or sensitive information that is related to research and development or is a trade secret or is of a commercial, technical, financial, or personal nature or qualifies for protection under Federal Rule of Civil Procedure 26(c)(1)(A-H).

3.4.        "COUNSEL" shall mean OUTSIDE COUNSEL OF RECORD and IN-HOUSE COUNSEL (each as defined herein), as well as their respective support staff.

3.5.        "COURT" shall mean the United States District Court, Eastern District of California, Fresno Division.

3.6.        "DESIGNATING PARTY" means the PARTY that designates Materials as "CONFIDENTIAL."

3.7.        "DISCLOSE" or "DISCLOSED" or "DISCLOSURE" means to reveal, divulge, give, or make available Materials, or any part thereof, or any information contained therein.

3.8.        "DISCLOSURE OF DISCOVERY MATERIAL" means all items or

1  information, regardless of the medium or manner in which it is generated, stored, or maintained

2  (including, among other things, TESTIMONY, transcripts, and tangible things), that are produced

3  or generated in disclosures or responses to discovery in this matter.

4      3.9.      "DOCUMENTS" shall have the same meaning as the terms "documents and

5  electronically stored information" as used in Rule 34 of the Federal Rules of Civil Procedure and

6  include any "writing," "recording," "photograph," "original," or "duplicate," as those terms are

7  defined by Federal Rule of Evidence 1001.

8      3.10.     "EXPERT" shall mean a person with specialized knowledge or experience in

9  a matter pertinent to the litigation who has been retained by a PARTY or its COUNSEL to serve as

10  an expert witness or as a consultant in this ACTION.

11      3.11.     "INFORMATION" means the content of DOCUMENTS or TESTIMONY.

12      3.12.     "IN-HOUSE COUNSEL" means attorneys who are employees of a PARTY

13  to this ACTION. IN-HOUSE COUNSEL does not include OUTSIDE COUNSEL OF RECORD or

14  any other outside counsel.

15      3.13.     "NON-PARTY" or "NON-PARTIES" means any natural person,

16  partnership, corporation, association, or other legal entity not named as a PARTY to this ACTION

17  who/that agrees to be bound by this PROTECTIVE ORDER by signing the "Acknowledgement and

18  Agreement to Be Bound" that is attached to this PROTECTIVE ORDER as Exhibit A.

19      3.14.     "OUTSIDE COUNSEL OF RECORD" means attorneys who are not

20  employees of a PARTY to this ACTION but are retained to represent or advise a PARTY to this

21  ACTION and have appeared in this ACTION on behalf of that PARTY or are affiliated with a law

22  firm which has appeared on behalf of that PARTY.

23      3.15.     "PARTIES" shall mean Plaintiff NIIC and Defendant ACIC.

24      3.16.     "PARTY" shall mean one of the aforementioned two PARTIES.

25      3.17.     "PRODUCING PARTY" shall mean a PARTY or NON-PARTY that

26  produces INFORMATION or other discovery material in this ACTION.

27      3.18.     "PROFESSIONAL VENDORS" means persons or entities that provide

28  litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

7

STIPULATED PROTECTIVE ORDER

demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

3.19.    "PROTECTED MATERIAL" means any DISCLOSURE OF DISCOVERY MATERIAL that is designated as "CONFIDENTIAL" that has not had that designation removed according to the terms of this PROTECTIVE ORDER.

3.20.    "PROTECTIVE ORDER" means this Stipulated Protective Order entered in the ACTION.

3.21.    "RECEIVING PARTY" means a PARTY that receives DISCLOSURE OF DISCOVERY MATERIAL from a PRODUCING PARTY.

3.22.    "TESTIMONY" means all depositions, declarations or other testimony taken or used in this PROCEEDING.

3.23    "UNDERLYING ACTION" shall mean the litigation entitled *Karina Rios and Christy Kelsoe v. Mark Szyrynski, et al.*, Sacramento County Superior Court, Case No. 34-2020-00277511.

## IV.    SCOPE AND DURATION

**4.1    Scope.** The protections conferred by this Stipulation and PROTECTIVE ORDER cover not only PROTECTED MATERIAL (as defined above), but also (1) any INFORMATION copied or extracted from PROTECTED MATERIAL; (2) all copies, excerpts, summaries, or compilations of PROTECTED MATERIAL; and (3) any TESTIMONY, conversations, or presentations by PARTIES or their COUNSEL that might reveal PROTECTED MATERIAL. However, the protections conferred by this PROTECTIVE ORDER do not cover the following INFORMATION: (a) any INFORMATION that is in the public domain at the time of DISCLOSURE to a RECEIVING PARTY or becomes part of the public domain after its DISCLOSURE to a RECEIVING PARTY as a result of publication not involving a violation of this PROTECTIVE ORDER, including becoming part of the public record through trial or otherwise; and (b) any INFORMATION known to the RECEIVING PARTY prior to the DISCLOSURE or obtained by the RECEIVING PARTY after the DISCLOSURE from a source who obtained the INFORMATION lawfully and under no obligation of confidentiality to the DESIGNATING

1  PARTY. Any use of PROTECTED MATERIAL at trial shall be governed by a separate agreement

2  or order.

3      **4.2**     **Duration.** Even after final disposition of this litigation, the confidentiality

4  obligations imposed by this PROTECTIVE ORDER shall remain in effect until a DESIGNATING

5  PARTY agrees otherwise in writing or a court order otherwise directs. Final disposition shall be

6  deemed to be upon (1) dismissal of all claims and defenses in this ACTION, with or without

7  prejudice; or (2) final judgment herein after the completion and exhaustion of all appeals, rehearings,

8  remands, trials, or reviews of this ACTION, including the time limits for filing any motions or

9  applications for extension of time pursuant to applicable law.

10  # V.     **DESIGNATING PROTECTED MATERIAL**

11      5.1     Manner and Timing of Designations.    Except as otherwise provided in this

12  PROTECTIVE ORDER or as otherwise stipulated or ordered, DISCLOSURE OF DISCOVERY

13  MATERIAL that qualifies for protection under this PROTECTIVE ORDER must be clearly so

14  designated before the material is DISCLOSED or produced.

15      Designation in conformity with this PROTECTIVE ORDER requires:

16      (a)     for DOCUMENTS (e.g., paper or electronic DOCUMENTS, but excluding

17  transcripts of depositions or other pretrial or trial proceedings), that the PRODUCING PARTY affix

18  the legend "CONFIDENTIAL" to each page that contains PROTECTED MATERIAL. If only a

19  portion or portions of the material on a page qualifies for protection, the PRODUCING PARTY

20  also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the

21  margins).  A PARTY or NON-PARTY that makes original materials available for inspection need

22  not designate them for protection until after the inspecting PARTY has indicated which material it

23  would like copied and produced. During the inspection and before the designation, all of the material

24  made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting PARTY

25  has identified the materials it wants copied and produced, the PRODUCING PARTY must

26  determine which materials, or portions thereof, qualify for protection under this PROTECTIVE

27  ORDER. Then, before producing the specified materials, the PRODUCING PARTY must affix the

28  "CONFIDENTIAL" legend to each page that contains PROTECTED MATERIAL. If only a portion

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

or portions of the material on a page qualifies for protection, the PRODUCING PARTY also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b)     for TESTIMONY, that the DESIGNATING PARTY may either identify on the record all protected TESTIMONY, or may invoke, on the record or by written notice to all parties on or before the next business day, a right to have up to twenty-one (21) days from the deposition, hearing or proceeding to make its designation.  The designation shall indicate the page and line numbers of any transcript of material deemed to be CONFIDENTIAL.

(c)     for INFORMATION produced in some form other than documentary and for any other tangible items, that the PRODUCING PARTY affix in a prominent place on the exterior of the container or containers in which the INFORMATION or item is stored the legend "CONFIDENTIAL." If only a portion or portions of the INFORMATION or item warrant protection, the PRODUCING PARTY, to the extent practicable, shall identify the protected portion(s).

(d)     Parties shall give advance notice if they expect a deposition or other proceeding to include PROTECTED MATERIAL so that the other PARTIES can ensure that only authorized individuals are present at those proceedings when such material is disclosed or used.  The use of a DOCUMENT as an exhibit at a deposition shall not in any way affect its designation. Transcripts containing PROTECTED MATERIAL shall have a legend on the title page noting the presence of PROTECTED MATERIAL, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated, and the level of protection being asserted.  The DESIGNATING PARTY shall inform the court reporter of these requirements.  Any transcript that is prepared before the expiration of the twenty-one (21) day period for designation shall be treated during that period as if it had been designated CONFIDENTIAL unless otherwise agreed.  After the expiration of the twenty-one (21) day period, the transcript shall be treated only as actually designated.

5.2     <u>Materials Subject to Designation</u>. Each PARTY may designate any DOCUMENT, thing, interrogatory answer, admission, deposition TESTIMONY, and portions of such materials, or other INFORMATION which it has provided or which a NON-PARTY has provided as

"CONFIDENTIAL" in accordance with this PROTECTIVE ORDER. In designating DOCUMENTS, TESTIMONY or INFORMATION as "CONFIDENTIAL," the DESIGNATING PARTY's COUNSEL shall make a good faith determination, before applying the designation, that the DOCUMENTS, TESTIMONY or INFORMATION warrants protection under Rule 26(c) of the Federal Rules of Civil Procedure.

5.3    <u>Inadvertent Failure to Designate</u>.   If timely corrected, an inadvertent failure to designate qualified INFORMATION or items does not, standing alone, waive the DESIGNATING PARTY's right to secure protection under this PROTECTIVE ORDER for such material. If a DESIGNATING PARTY inadvertently fails to designate material which, in good faith, might otherwise be deemed CONFIDENTIAL, that DESIGNATING PARTY shall provide written notice of such designation within a reasonable time of discovering the inadvertent failure to so designate the material as CONFIDENTIAL.  Any RECEIVING PARTY who objects to the late designation must do so in writing within seven (7) days of the late designation.  In the absence of such an objection, the late designation shall be deemed timely and treated as if made within the time(s) set forth above.  Upon timely assertion or correction of a designation, all recipients must make reasonable efforts to ensure that the materials are treated according to this PROTECTIVE ORDER.

# VI.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1    <u>Timing of Challenges</u>.  Any PARTY or NON-PARTY may challenge a designation of confidentiality at any time. Unless an immediate challenge to a DESIGNATING PARTY's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a PARTY does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is DISCLOSED.

6.2    <u>Meet and Confer</u>.  The CHALLENGING PARTY shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the PROTECTIVE ORDER. The PARTIES shall attempt to resolve each challenge in

McCORMICK, BARSTOW, SHEPPARD, WAYTE & CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

STIPULATED PROTECTIVE ORDER

good faith and must begin the process by conferring directly (in a verbal dialogue; other forms of communication are not sufficient) within fourteen (14) days of the date of service of notice. In conferring, the CHALLENGING PARTY must explain the basis for its belief that the confidentiality designation was not proper and must give the DESIGNATING PARTY an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A CHALLENGING PARTY may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the DESIGNATING PARTY is unwilling to participate in the meet and confer process in a timely manner.

6.3     <u>Joint Statement</u>.   If the PARTIES cannot resolve a challenge without court intervention, the CHALLENGING PARTY shall submit a challenge to the COURT via joint stipulation pursuant to Local Rule 251(c). The burden of persuasion in any such challenge proceeding shall be on the DESIGNATING PARTY. Unless the DESIGNATING PARTY has expressly waived the confidentiality designation, all PARTIES shall continue to afford the material in question the level of protection to which it is entitled under the PRODUCING PARTY's designation until the COURT rules on the challenge.

# VII.   <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

7.1     <u>Basic Principles</u>. A RECEIVING PARTY may use PROTECTED MATERIAL that is DISCLOSED or produced by another PARTY or by a NON-PARTY in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such PROTECTED MATERIAL may be DISCLOSED only to the categories of persons and under the conditions described in this PROTECTIVE ORDER. When the litigation has been terminated, a RECEIVING PARTY must comply with the provisions of section 12.4 below regarding final disposition.

PROTECTED MATERIAL must be stored and maintained by a RECEIVING PARTY at a location and in a secure manner that ensures that access is limited to the persons authorized under this PROTECTIVE ORDER.

7.2     **<u>DISCLOSURE of PROTECTED MATERIAL</u>**. Unless otherwise ordered by the COURT or permitted in writing by the DESIGNATING PARTY, a RECEIVING PARTY may

McCORMICK, BARSTOW, SHEPPARD, WAYTE & CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

DISCLOSE any INFORMATION or item designated "CONFIDENTIAL" only to:

(a) the RECEIVING PARTY's OUTSIDE COUNSEL OF RECORD, as well as employees of said OUTSIDE COUNSEL OF RECORD to whom it is reasonably necessary to DISCLOSE the INFORMATION for this ACTION;

(b) the officers, directors, and employees (including IN-HOUSE COUNSEL) of the RECEIVING PARTY to whom DISCLOSURE is reasonably necessary for this ACTION or who access the INFORMATION in the ordinary course of business;

(c) EXPERTS (as defined in this PROTECTIVE ORDER) of the RECEIVING PARTY to whom DISCLOSURE is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the COURT and its personnel;

(e) court reporters in this PROCEEDING, to whom DISCLOSURE is reasonably necessary for this ACTION;

(f) professional jury or trial consultants, mock jurors, and PROFESSIONAL VENDORS to whom DISCLOSURE is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g) during their depositions, NON-PARTY witnesses in the ACTION to whom DISCLOSURE is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the DESIGNATING PARTY or ordered by the COURT. Pages of transcribed deposition TESTIMONY or exhibits to depositions that reveal PROTECTED MATERIAL must be separately bound by the court reporter and may not be DISCLOSED to anyone except as permitted under this PROTECTIVE ORDER;

(h) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information prior to its designation as CONFIDENTIAL;

(i) a PARTY's auditors, regulators, or reinsurers in connection with that PARTY's regular business practices.

## VIII. **PROTECTED       MATERIAL       SUBPOENAED       OR       ORDERED**

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

**PRODUCED IN OTHER LITIGATION**

8.1     If a PARTY is served with a subpoena or a court order issued in other litigation that compels DISCLOSURE of any PROTECTED MATERIAL, that PARTY must:

(a)     promptly notify in writing the DESIGNATING PARTY. Such notification shall include a copy of the subpoena or court order;

(b)     promptly notify in writing the PARTY who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this PROTECTIVE ORDER. Such notification shall include a copy of this PROTECTIVE ORDER; and

(c)     cooperate with respect to all reasonable procedures sought to be pursued by the DESIGNATING PARTY whose PROTECTED MATERIAL may be affected.

8.2     If the DESIGNATING PARTY timely seeks a protective order, the PARTY served with the subpoena or court order shall not produce PROTECTED MATERIAL before a determination by the COURT from which the subpoena or order issued, unless the PARTY has obtained the DESIGNATING PARTY's permission. The DESIGNATING PARTY shall bear the burden and expense of seeking protection in that court of its PROTECTED MATERIAL – and nothing in these provisions should be construed as authorizing or encouraging a RECEIVING PARTY in this ACTION to disobey a lawful directive from another court.

## IX.     PROTECTED MATERIAL OF A NON-PARTY SOUGHT TO BE PRODUCED IN THIS LITIGATION

9.1     The terms of this PROTECTIVE ORDER are applicable to DOCUMENTS, INFORMATION or TESTIMONY produced by a NON-PARTY and designated as "CONFIDENTIAL." Such DOCUMENTS, INFORMATION or TESTIMONY are protected by the remedies and relief provided by this PROTECTIVE ORDER. Nothing in these provisions should be construed as prohibiting a NON-PARTY from seeking additional protections.

9.2     If a PARTY is required, by a valid discovery request, to produce a NON-PARTY's CONFIDENTIAL DOCUMENTS, INFORMATION or TESTIMONY in its possession, the PARTY shall:

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

14
STIPULATED PROTECTIVE ORDER

(a)     promptly notify in writing the REQUESTING PARTY and the NON-PARTY that some or all of the DOCUMENTS, INFORMATION or TESTIMONY requested are subject to a confidentiality agreement with a NON-PARTY;

(b)     promptly provide the NON-PARTY with a copy of the PROTECTIVE ORDER in this ACTION, the relevant discovery request(s), and a reasonably specific description of the DOCUMENTS, INFORMATION or TESTIMONY requested; and

(c)     make the DOCUMENTS, INFORMATION or TESTIMONY requested available for inspection by the NON-PARTY.

9.3     If the NON-PARTY fails to object or seek a protective order from this COURT within fourteen (14) days of receiving the notice and accompanying DOCUMENTS, INFORMATION or TESTIMONY, the RECEIVING PARTY may produce the NON-PARTY's CONFIDENTIAL DOCUMENTS, INFORMATION or TESTIMONY responsive to the discovery request. If the NON-PARTY timely seeks a protective order, the RECEIVING PARTY shall not produce any information in its possession or control that is subject to the confidentiality agreement with the NON-PARTY before a determination by the COURT.  Absent a court order to the contrary, the NON-PARTY shall bear the burden and expense of seeking protection in this COURT of its PROTECTED MATERIAL.

## X.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a RECEIVING PARTY learns that, by inadvertence or otherwise, it has DISCLOSED PROTECTED MATERIAL to any person or in any circumstance not authorized under this PROTECTIVE ORDER, the RECEIVING PARTY must immediately (a) notify in writing the PRODUCING PARTY and the DESIGNATING PARTY (if not the same party) of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the PROTECTED MATERIAL, (c) inform the person or persons to whom unauthorized DISCLOSURES were made of all the terms of this PROTECTIVE ORDER, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

## XI.     INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

15
STIPULATED PROTECTIVE ORDER

## PROTECTED MATERIAL

When a PRODUCING PARTY gives notice to RECEIVING PARTIES that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the RECEIVING PARTIES are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the PARTIES reach an agreement on the effect of DISCLOSURE of a communication or information covered by the attorney-client privilege or work product protection, the PARTIES may incorporate their agreement in the stipulated protective order submitted to the COURT.

## XII.   MISCELLANEOUS

12.1    <u>Right to Further Relief</u>. Nothing in this PROTECTIVE ORDER abridges the right of any person to seek its modification by the COURT in the future.

12.2    <u>Right to Assert Other Objections</u>. By stipulating to the entry of this PROTECTIVE ORDER no PARTY waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this PROTECTIVE ORDER, and the parties expressly reserve the right to assert objections to the production of documents and/or communications on the grounds that they are subject to the attorney-client privilege, work product doctrine, or any other applicable privilege or protection. Similarly, no PARTY waives any right to object on any ground to use in evidence of any of the material covered by this PROTECTIVE ORDER.

12.3    <u>Filing PROTECTED MATERIAL</u>. Without written permission from the DESIGNATING PARTY or a court order secured after appropriate notice to all interested persons, a PARTY may not file in the public record in this ACTION any PROTECTED MATERIAL. A PARTY that seeks to file under seal any PROTECTED MATERIAL must follow the procedure set forth in Local Rule 141. PROTECTED MATERIAL may only be filed under seal pursuant to a court order authorizing the sealing of the specific PROTECTED MATERIAL at issue. The fact that a document has been designated under this PROTECTIVE ORDER is insufficient to justify filing

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

16

STIPULATED PROTECTIVE ORDER

under seal.  Instead, PARTIES must explain the basis for confidentiality of each document sought to be filed under seal.  Because a PARTY other than the DESIGNATING PARTY will often be seeking to file PROTECTED MATERIAL, cooperation among the PARTIES in preparing, and in reducing the number and extent of, requests for under seal filing is essential.  If a RECEIVING PARTY's request to file PROTECTED MATERIAL under seal pursuant to Local Rule 141 is denied by the COURT, then the RECEIVING PARTY may file the material in the public record unless (1) the DESIGNATING PARTY seeks reconsideration within four (4) days of the denial, or (2) as otherwise instructed by the COURT.  Notwithstanding the above, the filing PARTY shall, in good faith, refrain from drawing public attention to the COURT filing of information formerly designated as CONFIDENTIAL so long as the original designation was made in good faith.

12.4    <u>Storage of Protected Information by RECEIVING PARTY</u>. The recipient of any PROTECTED MATERIAL provided under this PROTECTIVE ORDER (including copies or excerpts made thereof) shall maintain such information in a secure and safe area, and shall exercise reasonable and proper care with respect to the storage, custody, use, and/or dissemination of such information.

12.5    <u>Final Disposition</u>. Within sixty (60) days after the final disposition of this ACTION, each RECEIVING PARTY must return all PROTECTED MATERIAL to the PRODUCING PARTY or make a good faith effort to destroy such material. As used in this subdivision, "all PROTECTED MATERIAL" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the PROTECTED MATERIAL. Whether the PROTECTED MATERIAL is returned or destroyed, the RECEIVING PARTY must submit a written certification to the PRODUCING PARTY (and, if not the same person or entity, to the DESIGNATING PARTY) by the sixty (60) day deadline that (1) identifies (by category, where appropriate) all the PROTECTED MATERIAL that was returned or destroyed and (2) affirms that the RECEIVING PARTY has not intentionally retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the PROTECTED MATERIAL. Notwithstanding the foregoing portion of this Section, (1) COUNSEL are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda,

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

17
STIPULATED PROTECTIVE ORDER

1 correspondence, email, deposition and trial exhibits, EXPERT reports, attorney work product, and

2 consultant and EXPERT work product, even if such materials contain PROTECTED MATERIAL;

3 and (2) the undersigned PARTIES may retain any PROTECTED MATERIAL to the extent

4 necessary pursuant to legal requirements, professional duties or bona fide document retention

5 policies, provided however that the PARTIES shall continue to be bound by the terms of this

6 PROTECTIVE ORDER for such time period as they retain such PROTECTED  MATERIAL. Any

7 such archival copies or retained DOCUMENTS that contain or constitute PROTECTED

8 MATERIAL remain subject to this PROTECTIVE ORDER as set forth in Section 4.2 regarding

9 duration.

10       **IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

11

12 Dated:  May 26, 2023         McCORMICK, BARSTOW, SHEPPARD,
             WAYTE & CARRUTH LLP

13

14         By:       */s/ Nicholas H. Rasmussen*

15            Nicholas H. Rasmussen
           Graham A. Van Leuven

16            Daniella M Crisanti

17         Attorneys for NATIONAL INTERSTATE
            INSURANCE COMPANY

18

19 Dated:  May 26, 2023         HINSHAW & CULBERTSON LLP

20

21

22         By:       */s/ Robert G. Levy*

23            Robert G. Levy
           Robert J. Romero

24            Peter J. Felsenfeld

25         Attorneys for ACCEPTANCE CASUALTY
            INSURANCE COMPANY

26

27 / / /

28 / / /

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

18
STIPULATED PROTECTIVE ORDER

1

## **<u>ORDER</u>**

2          The court has reviewed the parties' stipulated protective order.  (<u>See</u> ECF No. 20.)  The

3   stipulation comports with the relevant authorities and the court's applicable local rule.  <u>See</u> L.R.

4   141.1.  The court APPROVES the protective order, subject to the following clarification.  Once an

5   action is closed, "the court will not retain jurisdiction over enforcement of the terms of any

6   protective order filed in that action."   L.R. 141.1(f); <u>see also, e.g.</u>, <u>MD Helicopters, Inc. v.</u>

7   <u>Aerometals, Inc.</u>, 2017 WL 495778 (E.D. Cal., Feb. 03, 2017) (noting that courts in the district

8   generally do not retain jurisdiction for disputes concerning protective orders after closure of the

9   case).  Thus, the court will not retain jurisdiction over this protective order once the case is closed.

Dated:  May 31, 2023

10

11                                                              _____
                                                                 KENDALL J. NEWMAN

12   nati.2127                                               UNITED STATES MAGISTRATE JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

**EXHIBIT A**

**ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND**

I, _____ [type or print full name] of

_____ [print or type full

address], hereby declare under penalty of perjury that I have read and am fully familiar with the

terms of the Protective Order entered in *National Interstate Insurance Company v. Acceptance*

*Casualty Insurance Company,* Case No. 2:22-CV-02127-KJN venued in the United States District

Court for the Eastern District of California, and hereby agree to comply with and be bound by the

terms and conditions of said Order unless and until modified by further Order of the Court.

I acknowledge that I am about to receive Confidential Documents and/or information in said

action, and hereby certify my understanding that such information is being provided to me pursuant

to the terms and restrictions of the Protective Order.  I understand that such information, and any

copies I make of any material containing "Confidential" information, or any notes or other records

that may be made regarding any such information, shall not be disclosed to others, except other

persons that are identified in or have agreed to comply with and be bound by the terms of the

Protective Order.  I hereby consent to the jurisdiction of said Court for purposes of enforcing this

Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____[print or type full name] of

_____

_____

[print or type full address, telephone number, and email address] as my California agent for service

of process in connection with this action or any proceedings related to enforcement of this Stipulated

Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed Name: _____

Signature: _____

9139221.1

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

1

STIPULATED PROTECTIVE ORDER

## <u>PROOF OF SERVICE</u>

**National Interstate Insurance Company v. Acceptance Casualty Insurance**
**Case No. 22-cv-02127-KJN**

**STATE OF CALIFORNIA, COUNTY OF FRESNO**

At the time of service, I was over 18 years of age and **not a party to this action**.  I am employed in the County of Fresno, State of California.  My business address is 7647 North Fresno Street, Fresno, CA 93720.

On May 26, 2023, I served true copies of the following document(s) described as **[PROPOSED] STIPULATED PROTECTIVE ORDER** on the interested parties in this action as follows:

| | |
|---|---|
| Robert G. Levy<br>Peter J. Felsenfeld<br>Robert J. Romero<br>Jess West<br>Hinshaw & Culbertson LLP<br>50 California Street<br>Suite 2900<br>San Francisco, CA  94111<br>rlevy@hinshawlaw.com<br>pfelsenfeld@mail.hinshawlaw.com<br>rromero@hinshawlaw.com<br>jwest@hinshawlaw.com | Attorneys for *Acceptance Causality Insurance Company* |

**BY CM/ECF NOTICE OF ELECTRONIC FILING:**  I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system.  Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.  Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on May 26, 2023, at Fresno, California.


*/s/ Heather Ward*
Heather Ward