McCormick, Barstow, Sheppard,
Wayte & Carruth LLP
Nicholas H. Rasmussen, #285736
  nrasmussen@mccormickbarstow.com
Graham A. Van Leuven, #295599
  graham.vanleuven@mccormickbarstow.com
7647 North Fresno Street
Fresno, California 93720
Telephone:     (559) 433-1300
Facsimile:     (559) 433-2300

Attorneys for NATIONAL INTERSTATE
INSURANCE COMPANY

Robert J. Romero, #136539
  rromero@hinshawlaw.com
Peter J. Felsenfeld, #260433
  pfelsenfeld@hinshawlaw.com
Robert G. Levy, #81024
  rlevy@hinshawlaw.com
50 California Street, Suite 2900
San Francisco, Ste. 2900
Telephone:     (415) 362-6000
Facsimile:     (415) 834-9070

Attorneys for ACCEPTANCE CASUALTY
INSURANCE COMPANY

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION

| | |
|---|---|
| NATIONAL INTERSTATE INSURANCE COMPANY,<br><br>    Plaintiff,<br><br>    v.<br><br>ACCEPTANCE CASUALTY INSURANCE COMPANY,<br><br>    Defendant. | Case No. **2:22-CV-02127-TLN-KJN**<br><br>**JOINT STIPULATED APPLICATION AND ORDER FOR 60 DAY STAY OF LITIGATION PENDING ARBITRATION**<br><br>Complaint Filed: November 29, 2022 |

Plaintiff National Interstate Insurance Company ("NIIC") and Defendant Acceptance Casualty Insurance Company ("ACIC"), by and through their attorneys of record (together, the "Parties"), hereby stipulate to the following:

On November 29, 2022, NIIC filed a complaint in the United States District Court for the Eastern District of California, Sacramento Division, commencing this litigation alleging claims for breach of contract, and breach of the implied covenant of good faith and fair dealing, and seeking equitable indemnity, equitable subrogation, and declaratory relief against ACIC.

On February 2, 2023, this Court entered its Initial Pretrial Scheduling Order.

On October 3, 2023, the Parties stipulated to, and this Court granted, a 90-day stay of proceedings[1] so that the Parties could negotiate informally, as well as a 90-day extension of all deadlines set forth in the Court's February 2, 2023 Scheduling Order. The Parties subsequently engaged informally, and following the expiration of the 90-day stay of proceedings on January 1, 2024, engaged in private mediation. To date, the Parties have not reached a resolution of this matter. *See,* ECF #24.

At present, and consistent with the Court's February 2, 2023 Pretrial Scheduling Order, as well as the October 3, 2023 stay of proceedings, discovery remains ongoing.

The Parties have now reached an agreement in principle to seek a resolution of this matter through private binding arbitration. However, no pre-existing arbitration clause or provision exists between or governs the Parties with respect to arbitration procedure, and the Parties are currently engaged in negotiations regarding the terms and conditions under which a private arbitration between them will take place. For this reason, the Parties require additional time to negotiate a binding arbitration agreement between them, to make arrangements for the retention of an appropriate arbitrator or arbitrators, and to schedule an arbitration between them.

Accordingly, the Parties have agreed between themselves and hereby request that the Court enter a further 60-day stay of proceedings in this matter to permit the Parties to negotiate the terms of an appropriate binding arbitration agreement between themselves, as well as to make arrangements for such arbitration, without prejudice to their discovery rights in this action.

NOW THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and between the

---

[1] Prior to the entrance of this Court's February 2, 2023 Initial Pretrial Scheduling Order, the Parties requested and this Court granted two extensions of time for ACIC to respond to the Complaint. *See,* ECF #7-10.

Parties, who hereby apply for the Court's approval, as follows:

1. The Parties agree to a 60-day stay of the present litigation to permit them to engage in the negotiation and drafting of an arbitration agreement between them, to retain an arbitrator or arbitrators pursuant to that agreement, and to schedule an arbitration of the present dispute;

2. During the course of the stay, the Parties will negotiate and draft of a binding arbitration agreement between them, retain an arbitrator or arbitrators pursuant to that agreement, and schedule an arbitration of the present dispute;

3. Once the Parties reach a binding agreement to arbitrate, the Parties will promptly notify the Court;

4. If the Parties do not reach a binding agreement to arbitrate, the Parties will provide the Court with a Status Report concerning their efforts no later than 55 days after the entry of an Order granting a stay of proceedings, and 5 days before the expiration of the presently requested stay;

5. The Parties otherwise preserve all claims, defenses, objections, and legal arguments they have or potentially have in the litigation;

6. This stipulation and proposed order shall not in any way affect or impact the Parties' claims, defenses, objections, or arguments.

**IT IS SO STIPULATED.**

Dated:  April 3, 2024                    McCORMICK, BARSTOW, SHEPPARD,
                                         WAYTE & CARRUTH LLP


                                         By:      */s/ Nicholas H. Rasmussen*
                                              Nicholas H. Rasmussen
                                              Graham A. Van Leuven
                                         Attorneys for NATIONAL INTERSTATE
                                              INSURANCE COMPANY

1  Dated: April 3, 2024                                HINSHAW & CULBERTSON LLP

                                                By:   */s/ Robert G. Levy (per 4-3-24 authorization)*
                                                      Robert J. Romero
                                                      Peter J. Felsenfeld
                                                      Robert G. Levy
                                                Attorneys for ACCEPTANCE CASUALTY
                                                      INSURANCE COMPANY

## ORDER

The Court has considered the foregoing stipulation and the facts set forth therein, and **FOR GOOD CAUSE APPEARING:**

1. The Parties' request for a 60 day stay of proceedings is **GRANTED;**
2. The Parties shall promptly report to the Court if a binding arbitration agreement is reached between them; and
3. If no binding agreement to arbitrate has been reached between them, the Parties shall provide the Court with a Status Report concerning their efforts no later than five (5) days prior to the expiration of the stay granted herein.

**IT IS SO ORDERED.**

Dated: April 3, 2024

_____
Troy L. Nunley
United States District Judge